IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LANCE TYLER** | : | |
| | : | **CIVIL ACTION** |
| v. | : | No. 24-3473 |
| | : | |
| **MCGINLEY,** *et al.* | : | |

**McHUGH, J.**  November 7, 2025

## MEMORANDUM

Petitioner Lance Tyler brought this habeas corpus petition in 2024, challenging his 1999 guilty plea to possession of a controlled substance with intent to deliver. Magistrate Judge Scott W. Reid's Report and Recommendations (R&R) of July 23, 2025, ECF 20, recommended dismissal of Tyler's petition. Tyler objected. *See* Objections, ECF 25. After de novo review of the R&R, as required by 28 U.S.C. §636(b)(1), I adopt Magistrate Judge Reid's recommendations in full. Because Mr. Tyler missed the statutory deadline by 24 years, failed to appeal in state court, and has not shown extraordinary circumstances justifying equitable tolling of the statute of limitations, the Petition is denied as time barred and a certificate of appealability will not issue.

**I.   Discussion**

De novo review confirms that the petition is time-barred and that Mr. Tyler's objections about one of his public defender's imperfect law licensure do not justify equitable tolling.  In general, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets a one-year statute of limitations for filing habeas corpus petitions. 28 U.S.C. § 2244(d)(1)(A).  As Magistrate

Judge Reid said, Tyler's petition became untimely after "approximately July 22, 2000." R&R, ECF 20 at 3.[1]

To toll the statute of limitations, Mr. Tyler argues his Sixth Amendment right to counsel was violated because the public defender at his preliminary hearing had not yet been formally admitted to the Pennsylvania Bar. *See generally* Objections 4-9, ECF 25 at 5-18. Tyler says this licensing blemish left him "without representation" at a critical period of his prosecution because the public defender had not been "certified by the State to be competent." *Id.* at 12. He is mistaken.

The record shows that while the public defender was not formally admitted to the bar until June 1998, he swore the oath of admission in November 1997. *See* Objections, ECF 25 at 27, Ex. C. This implies he had taken and passed the bar exam before representing Tyler, even if he had not yet received the final, literal stamp of approval from the Pennsylvania Supreme Court.

That level of procedural defect did not violate Mr. Tyler's Sixth Amendment right to counsel. Tyler is correct that the Sixth Amendment requires competent assistance of counsel to give the prosecution's case "adversarial testing" at all critical stages of prosecution. *United States v. Cronic*, 466 U.S. 648, 654-57. A lack of competent assistance can toll AEDPA's one-year statute of limitations. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). However, "licensing defects unrelated to a person's competence to practice law" do not violate the Sixth Amendment.

---

[1] Tyler's related objections are thus overruled. While Tyler seeks de novo finding that he did not appeal, that fact appears in his own petition. Petition, ECF 1 at 1. And though he seeks further finding that he was informed of his exact appeal rights in Objections 3 and 8, the law does not require that; rather, pro-se litigants have a duty to pursue their rights with "reasonable diligence," including awareness of limitations periods. *See Ross v. Varano*, 712 F.3d 784, 799-800 (3d Cir. 2013). Relatedly, the Commonwealth's brief points out that "Tyler has been active in pursuing relief in his other cases over the last 25 years, which belies any argument that he has been diligent as to this one." *See* Commonwealth's Response to Petition, ECF 17 at 8.

*Vance v. Lehman*, 64 F.3d 119, 123 (3d Cir. 1995). Tyler's cited cases find violations where the lack of license "stemmed from failure to seek [license] or from its denial for a reason going to legal ability, such as failure to pass a bar examination, or want of moral character." *Solina v. United States*, 709 F.2d 160, 167 (2d Cir. 1983) (citing *Huckelbury v. State*, 337 So.2d 400 (Fla.App. 1976)).

Unlike those cases, here the public defender's licensing limbo did not affect his ability to provide competent assistance. There is no evidence he lacked sufficient ability or moral character, or that he had failed any bar exam, and in fact he had already taken his oath of admission to the Pennsylvania bar.[2] In short, the public defender was imperfectly licensed, not unqualified or incompetent. Tyler's objections based on the premise that he lacked constitutionally adequate counsel are overruled.[3]

Finally, Magistrate Judge Reid's findings of fact regarding the underlying state record are all reasonable, so Tyler's Objections 1, 2, and 3 are overruled. De novo review of the record adequately shows Tyler pled guilty to possession with intent to distribute, *see* State Record, ECF 14-1 at 8, 18, 20-21, 27, and was sentenced to three to six years' imprisonment, *see id.* at 27-29. The lack of verbatim transcripts is not enough to raise a doubt about the court records' faithfulness to the oral sentence, or about Mr. Tyler's plea while he was represented by counsel. *See generally*

---

[2] Moreover, since 1972 Pennsylvania has allowed certified law students and law school graduates to advocate for indigent clients in court if they practice under the supervision of a licensed attorney-at-law. *See generally* Pa. Bar Admission R. 321-322. Without concluding so, it seems likely that the public defender may have been covered by these rules before his final bar admission.

[3] Without this Sixth Amendment objection, Mr. Tyler's remaining concerns about his various public defenders' advocacy do not justify equitable tolling. *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) ( "[A]ttorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling").

*Meyers v. Gillis*, 93 F.3d 1147 (3d Cir. 1996) (holding the Due Process Clause does not require a state court to produce a fully developed record of the facts leading up to a guilty plea).[4] Therefore, the Report's findings of fact are adopted.

**II.     Conclusion**

For the reasons above, Mr. Tyler's Petition will be denied. An appropriate order follows.

/s/ Gerald Austin McHugh<br>
United States District Judge

---

[4] As to Objection 3's contention that Judge Reid referred to Petitioner's shooting at two Philadelphia police officers as "attempted murder" rather than "aggravated assault," ECF 25 at 5, the exact phrasing of that "finding of fact" is irrelevant to this Petition's resolution.